**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GURPREET SINGH,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-640

Agency No.
A205-935-323

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2023**
Seattle, Washington

Before: HAWKINS, BEA, and BRESS, Circuit Judges.

Gurpreet Singh ("Singh") seeks review of the Board of Immigration

Appeals ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his

applications for asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT"). We deny the petition.

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Substantial evidence supports the agency's determination that Singh lacked credibility. The IJ found Singh was not credible, based in part on his overall demeanor (including a lack of responsiveness to his own attorney's questions), and also because Singh appeared to have memorized the information from his application, including very specific dates, but could not recall or give any additional details in response to basic follow-up questions about these events. The BIA added that Singh had difficulty explaining "who he feared in India, how he came to know and obtain a statement from the stranger who brought him to the hospital, why or how people from the opposing parties would seek to harm him, why he did not file a police report after being beaten but chose to file a report after receiving phone calls, and the names of people in his political party, with whom [Singh] consulted about his continuing activities." The record does not compel the conclusion that Singh was credible. *INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992).

In the alternative, substantial evidence also supports the IJ's conclusion that even if Singh were credible, the minor, sporadic incidents he recounted were unfortunate harassment but did not rise to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009) ("Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (quotation omitted)); *Haxha v. Ashcroft*, 319 F.3d 1179, 1181–82 (9th Cir. 2003) (unfulfilled threats and one beating where respondent suffered facial bruising and broken ribs did not compel finding of persecution). The record also

supports the IJ's conclusion that Singh did not demonstrate that the phone callers had the "will or ability to carry out [the] threats." *See Kaiser v. Ashcroft*, 390 F.3d 653, 658 (9th Cir. 2004).

Moreover, the IJ also found that Singh could safely relocate within India, and that it was reasonable for him to do so. *See Hussain v. Rosen*, 985 F.3d 634, 648–49 (9th Cir. 2021) (failure to demonstrate country-wide targeted persecution). Contrary to Singh's contentions, the IJ did not determine that Singh could relocate by hiding his political beliefs; instead, as the BIA explained, there was no evidence in the record suggesting that "political parties throughout India would target a low-level supporter of the Mann party, such as the respondent."

With no past persecution and an ability to relocate within India, substantial evidence supports the agency's alternative conclusion that Singh had not demonstrated a well-founded fear of future persecution, and the agency properly denied Singh's claims for asylum and withholding of removal.

Substantial evidence also supports the denial of Singh's CAT claim. The IJ concluded Singh was not credible, but even if he were, that he had not been tortured or demonstrated a likelihood of torture in the future, or that it was more likely than not that the Indian government would consent or acquiesce to his torture. *See B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022) (assertions of police corruption and ineffectiveness were insufficient to establish that a public official would more likely than not acquiesce to torture).

3

In his petition to this court, Singh adds an additional claim that the BIA abused its discretion and violated due process by denying his last-minute request for additional time to file a brief. Singh sought the extension to (1) review this court's decision in *Akosung v. Barr*, 970 F.3d 1095 (9th Cir. 2020), and (2) to obtain records of Singh's visit to an emergency room immediately following his merits hearing, which counsel argued would show Singh was sleep-deprived and suffering from insomnia for weeks prior to the hearing, helping to explain his demeanor at his hearing. The BIA did not abuse its discretion in denying this untimely request. *Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010). Singh had several months to review *Akosung* and almost two years to obtain the medical records and did not present a compelling reason for why this could not be accomplished by the date the brief was due.

Nor has Singh demonstrated a due process violation from the BIA's denial of his extension request, because he has failed to demonstrate prejudice from the denial. *See Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018). First, Singh's motion included arguments about the impact of *Akosung*, so it is unclear how additional time could have impacted the outcome on that issue. Second, even assuming that the emergency room records supported Singh's explanation of his demeanor on the date of the hearing, the IJ and BIA found alternative reasons to deny relief *even if* Singh were credible, which would be unaffected by this additional evidence. In addition, the BIA explained at some length that even if the lack of sleep was a possible explanation for Singh's demeanor at the

4

hearing, the IJ's conclusion that Singh had memorized a script from his application but was unable to deviate/respond to additional questions was also plausible and not clearly erroneous. Singh has thus not demonstrated a likelihood that the outcome of the proceeding would have been different if the request to extend the briefing schedule had been granted.

**PETITION DENIED.**